```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-62000-CIV-ZLOCH
```

MARTHA GETSEE et al.,

      Plaintiffs,

vs.                                **FINAL ORDER OF REMAND**

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiffs' Motion To Remand (DE 6). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff filed suit in Florida state court, and after service was effected, Defendant timely removed this action to federal court, alleging that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Diversity of citizenship between the Parties has been established; however, in the instant Motion (DE 6), Plaintiff claims that Defendant has failed to met its burden in establishing an amount in controversy exceeds $75,000. In their Complaint, Plaintiffs have not alleged a specific damage amount. When the complaint is silent concerning damages, the removing party need only establish by a preponderance of the evidence that the jurisdictional minimum has been met. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

requirement."). In its Response, Defendant maintains that the allegations in Plaintiff's Complaint are sufficient to establish that the amount in controversy exceeds the statutory minimum.

In neither the instant Motion nor the Complaint is there a specific claim concerning the damages that Plaintiff seeks. There is only the allegation that the sum exceeds $15,000. Defendant has not put forth an estimate of the claim or anything to substantiate the sum at issue. This makes it a difficult task for the Court to find that the amount in controversy is satisfied. Defendant attempts to use the attorney's fees and punitive damages Plaintiffs claim as evidencing the requisite sum.

Plaintiffs' claims for attorney's fees and punitive damages do not make it more likely than not that the total value of this case exceeds $75,000. Defendant is correct that although the attorney's fees in this matter are minimal at the moment, they will certainly grow as the case progresses. There is always more work to be done. See Wright & Miller, 14B *Federal Practice & Procedure* § 3702 (1998 & West Supp. 2008). But there is nothing to suggest that the amount will grow to bring the yet-unknown total beyond the statutory minimum. Additionally, Defendant is also correct that Plaintiff has pled punitive damages and this being Federal Court there is no initial screening. *Ward v. Estalerio Itajai S/A*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008). Certainly, the punitive damages must be part of the calculus in determining the amount in controversy. *Holly Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). But

there is nothing to suggest what amount that may take. There is no survey of other cases with similar claims establishing or even suggesting that a potential award of punitive damages with all other sums at issue will exceed $75,000. Without such evidence there is no way the Court can conclude by a preponderance of the evidence that the amount in question exceeds the statutory minimum. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (noting "[w]here a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

On the state of the record now before the Court, Defendant has not established that the amount in controversy exceeds $75,000. The Court will, therefore, remand this action to state court for all further proceedings. Additionally, the Court declines to assess attorney's fees against Defendant and instead finds there was an objectively reasonable basis to remove this action. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. that Plaintiffs' Motion To Remand (DE 6) be and the same is hereby **GRANTED**;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case

No.08-53134; and

    3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___29th___ day of January, 2009.

                                             /s/ William J. Zloch
                                            WILLIAM J. ZLOCH
                                            United States District Judge

Copies furnished:

All Counsel of Record

Clerk of the Court For
The Seventeenth Judicial Circuit
Case No. 08-53134
(Certified Copy)